## NORWICH UNION INDEMNITY CO v SPRINGFIELD (city)

Ohio Appeals, 2nd Dist, Clark Co

No 325.   Decided Dec 29, 1933

Harry A. Brenner, Springfield, for plaintiff in error.

M. E. Spencer, City Solicitor, Springfield, for defendant in error.

## OPINION

By HORNBECK, PJ.

Notwithstanding a .rather extended brief on behalf of the company, there are but two questions presented which we feel require discussion, namely:

(1) Was the evidence of such character that the jury could have found that the defendant was obligated to pay any sum representative of the Raxsworthy bill, or, was it as a matter of law barred by the statute of frauds?

(2) Was the verdict contrary to and against the manifest weight of the evidence?

We are of opinion that the verdict must be sustained against both of these claims of error. If the testimony of Mrs. Raxsworthy and Mr. Shriver was true, and the jury had a right to believe their statements, then the insurance company, through its authorized agent, about five weeks after Mrs. Raxsworthy was taken to the hospital, agreed to pay any expenses that were incurred in her behalf. The jury had a right to believe, at least from the time when this agreement was made, that the credit was extended to the insurance company and not to Mrs. Raxsworthy. The amount of the verdict is convincing that the jury did not attempt to fix any liability against the company for the period between the time that she entered the hospital and the date of the agreement of Mr. Williams that his company would pay the bill. Had the jury returned a verdict in the full amount then for a portion of the sum represented in the verdict it might be urged that the company was merely agreeing to pay the debt of another and as there was no memorandum ·of the agreement in writing, it might come within the statute of frauds. But as to the amount of the verdict as returned, in one view of the evidence, it was based upon an original promise to pay an obligation of the company.

Some objection is made to the charge of the trial court but an examination thereof discloses that the court presented the law of the case properly when the jury was told to determine to whom the credit was extended.

Upon the weight of the evidence the issue was sharply drawn and if the statement of Mr. Williams had been believed by the jury, clearly there was no liability on the part of his company. He was also supported in the circumstance that the accounts rendered by the hospital were charged to Mrs. Raxsworthy which, unexplained, would lend strong support to the claim that the hospital was looking to her for payment. However, these accounts do not raise an irrebuttable presumption and there are circumstances tending to overcome any presumption incident to the form of the accounts. It appears that from the very first day that Mrs. Raxsworthy was in the hospital she made it plain to those in charge that she could not pay for services to be rendered to her. Upon this condition it is but logical to conclude that the hospital authorities would not have permitted her to remain in a $5.00 room for eighty-eight days without some assurance of payment from some source. This fact, together with the testimony of Mrs. Raxsworthy and Mr. Shriver, probably caused the jury to conclude that at no time after the conversation of Mr. Williams with Mr. Shriver would he, as managing agent, extend any credit to Mrs. Raxsworthy, although the clerical force continued to make up the accounts in her name.

The testimony of Mrs. Raxsworthy to the effect that the adjuster of the insurance company promised her to pay the debt would, if the question arose as between her and the hospital, be without the Statute of Frauds. (27 .C. J. 139; Teeters v Lamborn, 43 Oh St, 144). While this proposition was not directly in the case, in view of the issue and the charge of the court, her testimony had some weight to support the claim of the plaintiff that the defendant company, through its adjuster, assumed and agreed to pay the debt as its principal obligation.

Of course, the charge having been carried against Mrs. Raxsworthy was a strong circumstance to establish the theory of the defense that the credit was extended primarily to her. But in a hospital where there are many accounts, no doubt a considerable clerical force, it should not be an irrebuttable presumption that, merely because the entries were so made, no other could be the principal debtor as a matter of fact.

By the testimony of the managing head of the hospital it appears that it was his purpose and understanding that the credit

should be extended to the insurance company. If, inadvertently, he failed to communicate this fact to the clerical force, such failure should not prevent the development of the true situation.

The distinction which ordinarily determines whether or not a promise not in writing to pay the debt of another is within the statute of frauds is whether or not the promise was original or collateral. The facts in the instant case permitted the jury to determine that this was an original promise to pay the indebtedness, and because of which there was no liability of Mrs. Raxsworthy after the agreement with the adjuster. (See 19 O. Jur., 559, cases cited).

Could the hospital have collected from Mrs. Raxsworthy for the period for which the jury awarded the verdict upon the testimony of Mr. Shriver and Mrs. Raxsworthy? If not, then the defendant was the principal debtor.

The jury within its province elected to give credence to the testimony of plaintiff's witnesses. With this determination we cannot interfere.

A fair consideration of this record requires us to support it against the errors asserted. The judgment of the trial court will, therefore, be affirmed.

KUNKLE, J, concurs.

## DISSENTING OPINION

By BARNES, J.

It is with regret that I find myself unable to concur with my associates in the determination of the above cause. It is always unfortunate when we are unable to bring ourselves in line with the determination of the jury and the trial court. My official association with a hospital in my home city places me in a sympathetic attitude of mind and I fully appreciate their problems and the desirability of being compensated for their worthy administrations.

Under the facts in the instant case it seems to me that §8621 GC is controlling and since the promise was not in writing application of the above section prevents recovery. This is a section which in substance says that no action shall be brought whereby to charge upon a special promise to answer for the debt, default or miscarriage of another unless the agreement upon which such action is brought or some memorandum or note thereof is in writing, signed by the party to be charged.

There is no claim that there is any writ-

ing. It is the contention of counsel for the city that it was an original charge against the insurance company and therefore is not controlled by the statute of frauds. The law is well established that where the charge is made against the promisor, the statute of frauds is not a defense. I am unable to find such a situation under the instant case. No charge at any time was made against the insurance company. The charges at all times were made against Mrs. Raxsworthy and presented to her weekly. At page 19 of the record Mr. O. R. Shriver testified as follows:

"A. She was in the hospital when I interviewed Mr. Williams.

Q. What did he state?

A. He said their company would pay the bill—the hospital bill.

Q. He said they would pay the bill?

A. Yes."

The only other evidence I am able to find bearing on the question is in the answer of Mrs. Raxsworthy at page 9, wherein she testifies:

"He said my expenses would be taken care of and I had nothing to worry about and I shouldn't be bothered about the matter—the rule was usually to take care of the case—expenses after the patient left the hospital."

These are claimed statements made by the adjuster of the insurance company and while he denies making the statements as testified to, yet in considering this very important issue, I am accepting the testimony of Mr. Shriver and Mrs. Raxsworthy as presented by them. Surely the statement made to Mrs. Raxsworthy can not be considered as creating a liability in favor of the hospital. There was no contractual relation between the insurance company and Mrs. Raxsworthy. She held no policy in their company. They did have a policy indemnifying against loss the individual whom she claimed to be negligent in causing her injuries. The policy insured this individual against loss. She afterwards sought to recover and failed. As a result there was no liability on the part of the insurance company. So far as the statement is concerned that was made to her, it was a mere nudum pactum.

Now referring to the claimed statement made to Mr. Shriver, business manager, I can not give it any other construction than that it was a promise to pay the debt of another.

The subsequent conduct of Mr. Shriver as manager of the hospital indicates that he continued to consider it Mrs. Raxsworthy's obligation. Weekly bills were presented to her. No charges were made against the insurance company, nor was any bill presented to them until after Mrs. Raxsworthy failed in her suit. In her suit she sought to recover for hospital and medical services and personal injuries. I think the case of **Tille v Finley, 126 Oh St, 578,** has some bearing on this case. The second syllabus reads:

"To render a husband liable for necessaries furnished his wife, they must have been furnished on his credit."

In the case cited, the charges were made against the wife and by reason thereof recovery was denied against the husband. In the instant case, the charges were against Mrs. Raxsworthy and hence there is an attempt to hold the insurance company liable for the debt of another. Under the statute of frauds this can not be done, since the promise was not in writing.